993 F.2d 913
 301 U.S.App.D.C. 251
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Phillip J. CAMPBELL, Appellant.
 No. 92-3028.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1993.
 
 Before: EDWARDS, RUTH B. GINSBURG, and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the parties' submissions, the court is satisfied that appropriate disposition of the case does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 For the reasons stated in the accompanying Memorandum, it is ORDERED AND ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 On August 16, 1989, with the help of a confidential informant, Special Agents Clyde Shelley and Gwendolyn Price conducted a drug transaction with one "Tony." Shelley originally identified a photograph of Andre White as "Tony." Price viewed the same photograph, but did not corroborate Shelley's identification. Shelley obtained a warrant for White's arrest based on Shelley's own identification, uncorroborated by Price. White, it turned out, had been incarcerated on August 16; he was released after questioning.
 
 
 5
 Following further investigation, Shelley submitted to a U.S. magistrate an affidavit requesting an arrest warrant for defendant Phillip J. Campbell. This affidavit represented: Shelley and Price had both been inside a car with "Tony" during the drug transaction; both had positively identified a police photograph of defendant Campbell as "Tony"; a confidential informant had identified Phillip Campbell as "Tony" from a photographic line-up. The magistrate granted the arrest warrant. Officers participating in the arrest testified that a search of Campbell incident to the arrest revealed over fifty grams of crack-cocaine, $1000, ziplock bags, and a beeper with the number Shelley had used to contact "Tony." Arguing that Shelley was obligated to mention his prior identification of White in the Campbell arrest affidavit, defendant moved to suppress this evidence. The trial court denied the motion without an evidentiary hearing.
 
 
 6
 Defendant Campbell was tried before a jury for distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). He was convicted only of the second charge. After completion of the presentence report, defendant informed the probation officer that he accepted responsibility. See Transcript of Sentencing Hearing, Jan. 15, 1992 (Tr. Sent.) at 2 (statement of defense counsel).
 
 
 7
 Campbell's request for suppression or a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), was properly denied. The arrest affidavit noted the identification of Phillip Campbell by Special Agent Price, and that identification was fully reliable; reference to Shelley's initial misidentification of White in the affidavit seeking Campbell's arrest, we are therefore satisfied, would not have defeated the requisite probable cause. See United States v. Colkley, 899 F.2d 297, 301 (4th Cir.1990) ("For an omission to serve as the basis for a hearing under Franks, it must be such that its inclusion in the affidavit would defeat probable cause for arrest."); see also United States v. Dale, No. 91-3228, slip op. at 41 (D.C.Cir. April 6, 1993) (challenged testimony corroborated by "independent, consistent, interlocking information").
 
 
 8
 The trial judge did not err in declining to grant Campbell a two level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1(b) (1991) ("A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt ... or the practical certainty of conviction at trial.") (emphasis added). Reductions despite the absence of a guilty plea, while allowable, are uncommon. See U.S.S.G. § 3E1.1, application note 2. The burden is on defendant to "demonstrate [clearly] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). "[A]ppropriate considerations" include "voluntary and truthful admission to authorities of involvement in the offense and related conduct," and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1, application note 1. Campbell's acceptance not only came late; it was also distinctly limited:
 
 
 9
 I wanted to admit to the drugs I had on me, but I was admitting to only one thing. I did not have everything in my pockets that they said I had. One brown substance. I never had no $1,000 and things like coke bagged up that they said I had.
 
 
 10
 Tr. Sent. at 4 (statement of defendant).
 
 
 11
 In this situation, the trial judge's ambiguous remarks do not convince us "that the judge misunderstood the scope of h[er] sentencing authority." United States v. Hazel, 928 F.2d 420, 423 (D.C.Cir.1991). Compare Tr. Sent. at 2-3, 7 ("When they plead guilty, that is when they get the two-point consideration. I don't believe they can have it both ways."; "Finally, the Court agrees that the defendant has not demonstrated acceptance of responsibility for his conduct.") (statements of district judge in this case) with Hazel, 928 F.2d at 422, 425 ("I think still if I had my discretion in this matter, I would not give you as long a sentence as I have. I find I'm compelled to by the guidelines...."; "[the sentence] reflects the seriousness of the actions engaged in in this case"; "[the sentence] will assure the purposes for which we are sentencing you") (court of appeals appraised statements of district judge as recognizing discretion). In contrast, we concluded that a district judge erroneously believed his discretion had been caged when he flatly, and without subsequent qualification, announced: "I do not see that I have any discretion in the matter. Congress and the Sentencing Commission have taken that away from me." United States v. Beckham, 968 F.2d 47, 53 (D.C.Cir.1992); see also United States v. Chatman, No. 91-3294, slip op. at 4 (D.C.Cir. March 16, 1993) ("I rule as a matter of law that the downward departure would not be granted"). The district court's remarks in the instant case are comparable to Hazel, and distinguishable from both Beckham and Chatman, in two respects: the language objected to bears two constructions; other remarks by the same judge during the same sentencing support the legally correct reading.